IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01308-WDM-PAC

BECKIE GRABAU,

    Plaintiff,

v.

TARGET CORPORATION, a Minnesota corporation,

    Defendant.

_____

**RECOMMENDATION ON PLAINTIFF'S
MOTION TO AMEND COMPLAINT (DOC. # 26)**
_____

Patricia A. Coan, United States Magistrate Judge

    This is a premises liability action which was removed to this court on July 7, 2006.  Plaintiff seeks damages for personal injuries sustained on February 11, 2006, when a vacuum cleaner fell on her at the Super Target store in Superior.  On July 10, 2006, this matter was referred to me for pretrial case management purposes [doc. # 7]. Now pending before me is plaintiff's Motion to Amend Complaint to Join Parties and Claims, filed November 28, 2006 [doc. # 26].

    The scheduling order was entered on October 6, 2006 [doc. # 17] and contains a deadline of November 21, 2006 for amendment of pleadings  joinder of parties.  The plaintiff's first motion to amend was filed November 21, 2006 [doc. # 18].  That motion was denied for failure to comply with D.C.COLO.LCivR 7.1A.   Plaintiff then re-filed the

motion on November 27, 2006 [doc. # 22].  That second attempt to file the motion was terminated by the clerk's office docketing staff because it improperly sought two independent grounds for relief: amendment of the complaint and remand of the proceedings to state court.  Now before me is plaintiff's most recent attempt to amend her complaint, which was filed November 28, 2006.  Defendant has indicated that it opposes the relief sought in the motion.

In the Motion to Amend, plaintiff seeks to amend her complaint, "to join parties and claims" under three separate procedural rules, and to remand these proceedings to state court.  See plaintiff's Motion to Amend at 1.  For the reasons set forth below, I recommend denying the plaintiff's Motion to Amend Complaint.  Plaintiff's present motion to amend complaint seeks amendment of the complaint pursuant to FED.R.CIV.P. 15 and also seeks joinder of parties under FED.R.CIV.P. 18, 19 and 20.  The relief sought in the joinder under the three different rules appears to be redundant in light of the requested amendments to the complaint.  Plaintiff seeks to amend her complaint to (1) allege a loss of consortium claim by plaintiff's husband; and (2) allege an unspecified claim against the store manager on duty at the Super Target at the time of her alleged injury.  Plaintiff has submitted a (proposed) First Amended Complaint as an attachment to her Motion to Amend.  The amended complaint lists the plaintiff's husband as a plaintiff and the Super Target store manager, Megan Christopher, as a defendant, but that complaint fails to allege any claim for loss of consortium by Daniel Grabau, nor does it assert any claim against Ms. Christopher.  The only claim stated in

the proposed amended complaint is the same claim as that in the original complaint, under the Colorado premises liability statute (C.R.S. § 13-21-115).  Plaintiff cannot assert any claim under the premises liability statute against Ms. Christopher because she is not a "landlord" within the meaning of the statute, and cannot be held liable under it.  See *Pierson v. Black Canyon Aggregates, Inc.*, 32 P.3d 567 (Colo. 2000).

The plaintiff has failed to set forth the new claims she seeks to assert in her proposed amended complaint, so there is no way that either the court or the defendant can ascertain the basis of those claims.  As a result, there is no basis on which I can conclude that amendment is proper under  FED.R.CIV.P. 15(a), and I recommend that plaintiff's Motion to Amend Complaint be denied without prejudice.

For the reasons set forth above, it is

**RECOMMENDED** that Plaintiff's Motion to Amend Complaint, filed November 28, 2006  [doc. # 26]  **be denied.**

 **Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations**

**made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated December 7, 2006.

                                          BY THE COURT:

                                          s/ O. Edward Schlatter *for*
                                          PATRICIA A. COAN
                                          United States Magistrate Judge