IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-01308-WDM-PAC

BECKIE GRABAU,

    Plaintiff,

v.

TARGET CORPORATION, a Minnesota corporation,

    Defendant.

**ORDER**

Miller, J.

    This matter is before me on two matters: (1) a recommendation from Magistrate Judge O. Edward Schlatter, acting on behalf of Magistrate Judge Patricia A. Coan, that Plaintiff Beckie Grabau's (Grabau) motion to amend her complaint be denied; and (2) Plaintiff's motion to remand to state court, filed November 28, 2006.  Grabau has filed a timely objection to the recommendation and therefore is entitled to *de novo* review. 28 U.S.C. § 636(b).  For the reasons given below, the recommendation will be accepted on alternate grounds, the motion to remand will be denied, and Grabau will be granted leave to amend her complaint for the limited purpose of adding her husband's loss of consortium claim.

Background

    Grabau filed her original complaint in state court alleging that Defendant Target

Corporation (Target) is liable under Colorado's premises liability statute, Colo. Rev. Stat. § 13-21-115, for injuries she suffered while shopping at one of its retail stores. Specifically, Grabau claims that while she was bent over reaching for a lower-shelf item, a vacuum cleaner fell from a high shelf onto her head, causing multiple injuries, some permanent.

Magistrate Judge Schlatter's Recommendation

Grabau seeks leave to amend her complaint for two main reasons: (1) to allow her husband (a new plaintiff) to bring a loss of consortium claim, and (2) to add Megan Christopher (Christopher), the Target store manager, as an additional defendant. As to the loss of consortium claim, Judge Schlatter recommends denial because this claim is insufficiently pled. Grabau agrees with this conclusion, but asks for further leave to file a another chance to plead the loss of consortium claim more clearly. As Grabau does not object, I will accept Judge Schlatter's recommendation on this issue. However, since the recommendation is for denial without prejudice, and because the interests of justice require allowing the addition of this claim, I will grant Grabau leave to file another complaint. This new complaint may add Grabau's husband as a plaintiff, and may add his loss of consortium claim, but shall otherwise be identical to the original complaint in all material respects.[1]

As for the addition of Christopher, Magistrate Judge Schlatter concluded that

---

[1] I note that the proposed amended complaint that Grabau submitted with her objections to Magistrate Judge Schlatter's recommendation is insufficient because it is, in large part, single-spaced in violation of Local Rule 10.1.

amendment would be futile because Christopher is not a "landowner" under § 13-21-115, and therefore cannot be held liable under that statue.  I disagree.  Depending upon the nature of Christopher's agreements with Target, it is possible that she could be liable under § 13-21-115.  *See Henderson v. Master Klean Janitorial*, 70 P.3d 612, 615 (Colo. Ct. App. 2003) (holding that a janitorial service that did not own the property in at issue, was nonetheless potentially liable under this statute because of its agreements with the property owner).  Although it may be unlikely that Christopher's agreements with Target are similar to those involved in *Henderson*, a proposed amendment is not futile unless "the complaint, as amended, would be subject to dismissal," *Jefferson County School Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); and dismissal is only appropriate where "it appears beyond doubt that the plaintiff could prove no set of facts entitling it to relief."  *Ash Creek Mining Co. v. Lujan*, 969 F.2d 868, 870 (10th Cir. 1992).

However, since Grabau's proposed amendment would add a non-diverse defendant and destroy diversity, my decision to permit amendment under 28 U.S.C. § 1447(e) is discretionary.  *Mayes v. Rapaport*, 198 F.3d 457, 462 (4th Cir. 1999).  As discussed below, I conclude that Grabau's motion should be denied.

Although the Tenth Circuit has not spoken on this issue, other courts have established factors to be considered in exercising my discretion under section 1447(e).  These factors, as applied by the Fourth and Fifth Circuits, include:  (1) the extent to which the purpose of the amendment is to defeat federal diversity jurisdiction; (2) whether plaintiff has been dilatory in seeking the amendment; (3) whether the plaintiff

will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities.  *Id.*; *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).  Other potential factors are whether the person sought to be joined is a necessary party under Rule 19, whether a statute of limitations would bar an action against the new defendant in state court, and the apparent validity of the claim.  *See Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 579-580 (D. Ariz. 2003).  In making my decision, I should protect by careful scrutiny the diverse defendant's interest in keeping the action in federal court.  *Mayes*, 198 F.3d at 463.  I must also be cognizant of the danger of parallel lawsuits in federal and state court and the resulting drain on judicial resources.  *Id.*

Considering all of these factors, I conclude that amendment should be denied. As to the first factor, I find a significant likelihood that the purpose of the amended complaint is to defeat federal jurisdiction.  The Fourth Circuit has cautioned that when "a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction."  *Mayes*, 198 F.3d at 463.  I conclude that courts should be similarly wary when the moving plaintiff cannot point to any new information that gave rise to the motion to amend; and I find that such is the case here.

Grabau claims that Christopher was not named in her original complaint because discovery has only recently revealed the identity of the store manager.  I find this argument unconvincing.  Grabau could easily have listed the Target store manager

4

as an unnamed defendant in her original complaint. Moreover, there is no indication that Grabau made any early inquiries as to the manager's identity. Indeed, it appears that Grabau made no effort at all to assert claims against the store manager until well after this case was removed to this court. Therefore, I find that the first factor weighs against permitting amendment.

Similarly, I find that the second factor — whether Grabau has been dilatory — also weighs against permitting amendment. This case was removed from state court on July 7, 2006. Grabau did not file this motion until about four and one-half months later (November 21, 2006). And, for the reasons given above, there is no reason the store manager could not have been listed as a defendant earlier.

As for the third factor, Grabau argues she will be significantly injured if her motion is denied because she will be forced to file a separate action against Christopher in state court, thus raising her litigation expenses and wasting judicial resources. I agree that a parallel state court action in this matter would be inefficient. I am somewhat skeptical, however, that Grabau will actually pursue this option. While it is unclear, perhaps even unlikely, that Christopher qualifies as a landowner under § 13-21-115, there is little doubt that Target does qualify. And, Grabau gives no reason why, if she ultimately prevails, Target cannot fully compensate her for her injuries. Nonetheless, despite my skepticism, the possibility of a parallel state court action leads me to conclude that this factor is essentially neutral.

Finally, I have considered other factors weighing upon the equities, and I find that three of these weigh against allowing amendment. First, Christopher is not a

necessary party under Rule 19 because she does not claim any interest in this action, and as discussed above, Grabau may obtain complete relief even in Christopher's absence. Second, Grabau acknowledges that the statute of limitations has not run on her claims against Christopher. And Third, Grabau's claim against Christopher appears unlikely to succeed since Christopher probably has not entered into the types of agreements with Target that would subject her to liability under § 13-21-115. *See Henderson*, 70 P.3d at 615.

In sum, after weighing all of the factors discussed above, I find that the interests of justice would not be served by permitting amendment in this case. Therefore, I will accept, on different grounds, Magistrate Judge Schlatter's recommendation that Grabau's motion be denied.

<u>Grabau's Motion to Remand</u>

Grabau's motion to remand mainly depends upon the success of her motion to amend. The only respect in which it does not, is Grabau's suggestion that adding her husband may also cause jurisdictional problems since his claim does not meet amount-in-controversy requirements. I disagree. The Supreme Court has recently clarified that since Grabau's claims meet the amount-in-controversy requirement, this court may exercise supplemental jurisdiction over her husband's claim. *See* 15 James Wm. Moore et al., *Moore's Federal Practice* § 102.108[3] (3d ed. 2005 & Supp. 2006) (citing *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). Therefore, Grabau's motion to remand will be denied.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Schlatter, acting on behalf of Magistrate Judge Coan, issued December 7, 2006 (Docket No. 29), is accepted as modified above.

2. Plaintiff's motion to amend her complaint, filed November 28, 2006 (Docket No. 26), is denied.

3. Plaintiff's motion to remand to state court, filed November 28, 2006 (Docket No. 27), is denied.

4. Plaintiff is granted leave to file another amended complaint, by December 29, 2006, for the limited purpose of adding her husband as an additional plaintiff and adding his loss of consortium claim.

DATED at Denver, Colorado, on December 22, 2006.

                              BY THE COURT:

                              s/ Walker D. Miller
                              United States District Judge