IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01308-WDM-PAC

BECKIE GRABAU,

    Plaintiff,

v.

TARGET CORPORATION, a Minnesota corporation,

    Defendant.
_____

**ORDER GRANTING DEFENDANT'S MOTION
TO COMPEL UNACCOMPANIED IME**
_____

Plaintiff has challenged defendant's effort to have its medical expert, Brian Lambden, M.D., conduct an independent medical examination unless plaintiff is permitted to have her treating neurologist, Lynn Parry, M.D., attend the examination with her patient.  Plaintiff argues through her lawyers that because Dr. Lambden is not a doctor who holds himself out as a specialist in neurology or reflexive sympathetic dystrophy "'he is not qualified in diagnosing and handling RSD patients.'" Plaintiff Resp at 3, quoting Dr. Parry.

Plaintiff is not challenging the fact that defendant may conduct an IME upon her. Rather, she is challenging the conditions under which any defense doctor may perform such an examination.

I am not persuaded by plaintiff's arguments.  First, plaintiff has presented no evidence that would suggest that Dr. Lambden is not competent to safely perform an

examination upon the person of plaintiff. Plaintiff merely argues that because he does not label himself in a certain fashion, he must be inadequate to the task. I disagree that labels alone may determine the competency of a physician to conduct a certain evaluation of a patient. Second, defendant has in its motion represented to the court that Dr. Lambden has sufficient qualifications to perform the challenged examination. Defendant asserts that in addition to holding appropriate board certifications, Dr.Lambden is a pain specialist who was formerly the Associate Medical Director of the Reflexive Sympathetic Dystrophy Clinic at Spalding Rehabilitation Hospital. These credentials are sufficient to demonstrate that Dr. Lambden is facially qualified to conduct this particular IME in a safe and medically-reasonable manner.

Finally, plaintiff has not claimed that Dr. Parry has accompanied her upon every other occasion in which her medical problems have been addressed. As defendant points out in its motion and exhibits, plaintiff has been treated by other physicians who are not neurologists, and has had her problems with pain addressed by physical therapists. The need for Dr. Parry to accompany plaintiff during IME's, but not other examinations or procedures, seems disingenuous.

I have been shown no evidence that would suggest that Dr. Lambden would approach plaintiff in any manner other than professional. Nevertheless, if Dr. Parry harbors concerns that certain procedures or examinations may aggravate plaintiff's condition, she is at liberty to express these concerns to Dr. Lambden. She may do so through a telephone call, e-mail or perhaps a memo that she provides to plaintiff to take to Dr. Lambden.

It is therefore ORDERED as follows:

1. The motion filed by defendant, entitled Defendant Target Stores, A Division of Target Corporation's, Expedited Motion to Compel Plaintiff Beckie Grabau to Attend the Independent Medical Examination Unaccompanied [doc. 48, filed 1-30-07], is GRANTED for the legal reasons presented by defendant in its motion.

2. Plaintiff is granted leave to present Dr. Parry's concerns to Dr. Lambden by means of any communication from Dr. Parry to Dr. Lambden with which Dr. Parry is comfortable.

3. The hearing of February 8, 2007, is hereby VACATED.

Dated: February 7, 2007

BY THE COURT:

s/O. Edward Schlatter
O. EDWARD SCHLATTER
United States Magistrate Judge