IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01308-WDM-PAC

BECKIE GRABAU,

      Plaintiff,

v.

TARGET CORPORATION, a Minnesota corporation,

      Defendant.

---

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER**

      IT IS HEREBY **ORDERED** that the Motion for Stupilated [sic] Protective Order is **GRANTED.** The Stipulated Protective Order is made an order of the Court this date.

Dated:  March 15, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-01308-WDM-PAC

BECKIE GRABAU AND DANIEL GRABAU,

     Plaintiff(s),

v.

TARGET CORPORATION,

     Defendant(s)

---

## STIPULATED PROTECTIVE ORDER

---

IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the respective parties, with regard to material(s) disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitute or contain trade secrets or other confidential research, development or commercial information of the parties ("CONFIDENTIAL INFORMATION"), the parties will follow the procedures set forth in this Stipulated Protective Order ("Protective Order") with respect to disclosure of information, documents or things in this Lawsuit, as follows:

1. **Confidential Information.**

    (a)    As used in this Protective Order, "CONFIDENTIAL" or CONFIDENTIAL INFORMATION" shall mean any information, document, or thing that a party (the "Designating Party") furnishes in this Lawsuit and in good faith designates as CONFIDENTIAL INFORMATION pursuant to Sections 1(b) - 1(d) below;

(b)    A party may designate its answers to interrogatories, responses to requests for admissions, any documents produced in response to a request for production of documents, subpoena duces tecum, or otherwise, or any other information provided by it as CONFIDENTIAL INFORMATION by stamping the work "CONFIDENTIAL" upon the first page of the document, taking care to avoid obscuring any text, before providing it to the opposing party   Information marked CONFIDENTIAL shall not be utilized or disclosed by a receiving party (the "Recipient Party"), its agents, or its employees, except in accordance with the terms of this Protective Order

(c)    In the case of CONFIDENTIAL INFORMATION in a non-paper medium, e g, video or audio tape, computer discs, CD-ROMs, DVDs, etc , a party may designate all information therein as CONFIDENTIAL by affixing a label stating the same to the outside of the medium, such as the CD-ROM or DVD, or container.

(d)    To designate a portion of a deposition transcript as CONFIDENTIAL, a Designating Party may either make a statement on the record to that effect or must, within thirty (30) days after the deposition transcript is delivered to the Designated Party, provide to all counsel written notice identifying the specific pages and lines of testimony of the deposition transcript that counsel for the Designating Party in good faith believes to contain CONFIDENTIAL INFORMATION.   All deposition transcripts shall be treated as CONFIDENTIAL INFORMATION until the expiration of the thirty-day period   The portions so designated shall not be utilized or disclosed by the other party, its agents, or its employees, except in accordance with the terms of this Protective Order  All parties shall mark their copies of the transcript by stamping the word "CONFIDENTIAL" upon every page so designated.

(e)    Documents, testimony, evidence, and other matters shall not be deemed CONFIDENTIAL INFORMATION if the substance of the documents, testimony, evidence, or matter:

(i)    does not constitute a trade secret or other confidential research, development, or commercial information, as defined by F R C P 26(e)(7);

(ii)    is, at the time of disclosure by the Designating Party, already in the possession of the Recipient Party and was not acquired from the Designating Party; or

(iii)    has been made available to the Recipient Party, other than through the discovery process, by a third party who obtained the same by legal means without any obligation of confidence to the Designating Party

(f)    CONFIDENTIAL INFORMATION shall not be disclosed to any person other than:

(i)    the attorneys for the Recipient Party in this Lawsuit, paralegal and clerical staff who are assisting in the Lawsuit;

(ii)    the Recipient Party and officers, directors and/or employees of the Recipient Party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

(iii)    court reporters, court officials, and the jury involved in this Lawsuit;

(iv)    experts, consultants and investigators and their staff who are retained by a party for purposes of relating to this Lawsuit and who have executed a Confidentiality Agreement in the form attached as Exhibit A; and

(v)     any other non-party witnesses or deponents who have executed a Confidentiality Agreement in the form attached as Exhibit A, or deponents who agree on the record to maintain the confidentiality of the material

CONFIDENTIAL INFORMATION received by any of the persons in the categories listed above shall be used only for purposes of this Lawsuit and for no other purposes, including for any other Lawsuit, whether on the same issues in this case or others, or for any business or personal purpose  Nothing in this Protective Order shall prevent the Designating Party from any use of its own confidential documents   CONFIDENTIAL INFORMATION may not be disclosed to the persons described in category (iv) and (v), above, unless the disclosing party determines in good faith that the disclosure is necessary for the purpose of developing testimony of such witness or deponent   CONFIDENTIAL INFORMATION provided to a receiving party shall be securely maintained in the offices of that party's counsel   Each party's counsel shall maintain a log of all copies of CONFIDENTIAL INFORMATION in document from which are delivered to any one or more Qualified Person(s), other than outside counsel and the clerical, secretarial and other staff employed or retained by such counsel   The log shall contain the name and address of the person to who CONFIDENTIAL INFORMATION was disclosed, and shall identify under what provision of the Protective Order the person is a Qualified Person   The log shall not be discoverable in this case or other Lawsuit, but may be subject to in camera review by the Court upon reasonable request and motion of the Designating Party   Any recipient of CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area carefully delineated and designated confidential, and the recipient shall exercise due and proper care with respect to the storage, custody, access and use of all such information  In addition, any summary or copy of CONFIDENTIAL INFORMATION shall be subject to the terms of this

Protective Order to the same extent as the information or document of which summary or copy is made, and must be clearly labeled as containing CONFIDENTIAL INFORMATION.

(g)   CONFIDENTIAL INFORMATION may be copied or reproduced only to the extent reasonably necessary for the conduct of this Lawsuit. All such copies or reproductions shall be subject to the terms of this Protective Order.

(h)   If the Court orders that access to or dissemination of CONFIDENTIAL INFORMATION shall be made to persons not included in paragraph 1(f) above, such CONFIDENTIAL INFORMATION shall be accessible to, or disseminated to, such person after they have executed a Protective Order in the form attached as Exhibit A, unless the Court rules otherwise.

2.   **No Waiver.**

The disclosure of CONFIDENTIAL INFORMATION pursuant to discovery or the procedures set forth in this Protective Order shall not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such information.

3.   **Use in Depositions.**

Material designated as CONFIDENTIAL may be used at a deposition if: (1) counsel for the party offering the same gives notice of said use three (3) days prior to said deposition; and (a) counsel for the party using such material advises the witness of the terms of this Protective Order and the witness agrees on the record to maintain the confidentiality of the material; or (b) the witness executes the Confidentiality Agreement in the form of Exhibit A (sub-sections (a) and (b) are waived with respect to Target employees, as each is already required to keep all company policies, etc., strictly confidential). If the witness declines to execute the Confidentiality Agreement or otherwise maintain the confidentiality of the material, the party seeking to use

such CONFIDENTIAL INFORMATION must obtain leave from the Court before disclosing the material to the witness

4    **Use in Brief and as Exhibits.**

If any document containing CONFIDENTIAL INFORMATION produced in this Lawsuit is to be filed as an exhibit to any court record or pleading, or otherwise placed among the court papers in this Lawsuit, the party filing the material shall submit the document containing CONFIDENTIAL INFORMATION under seal in accordance with D C COLO.L CivR 7 3 in a sealed envelope bearing the caption of the case and the legend, "Filed Under Seal," subject to the Court procedures

5    **Application of this Confidentiality Order.**

(a)    This Protective Order shall apply to all discovery responses or papers, deposition transcripts, summaries, notes, abstracts, or other documents or information that comprise, embody, or summarize any documents or information, in any form, produced in this Lawsuit that contain CONFIDENTIAL INFORMATION

(b)    Nothing in this Protective Order shall affect the admissibility into evidence of CONFIDENTIAL INFORMATION, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the status of CONFIDENTIAL INFORMATION  Agreement to the terms of this Protective Order is without prejudice to a party's right to request that the Court rescind, modify, alter, or amend this Order with respect to specific documents or information

6.    **Confidentiality Challenge.**

A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information  The written notice shall

identify the information to which the objection is made. If the parties cannot resolve the objection with ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

7    **Confidential Information at Trial.**

The designation of any information, documents, or things as CONFIDENTIAL pursuant to this Protective Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this Lawsuit. Nothing in this Protective Order, however, shall preclude any party from seeking confidential treatment from the Court with respect to such information, documents, exhibits, or things or from raising any available objections, including without limitation, objections concerning admissibility, materiality, and privilege.

8    **Specific Disclosure.**

By joint agreement, the parties, through their counsel, may agree to any specific disclosure of CONFIDENTIAL INFORMATION in a particular circumstance without prejudice

to the continued application of the Protective Order regarding other uses of that CONFIDENTIAL INFORMATION

9       **Modification**.

This Protective Order may be modified only by stipulation of the parties or by Order of the Court

10      **Non-Parties**.

A non-party who produces any information, documents or things in this Lawsuit that it wishes to be treated as CONFIDENTIAL may become a party to the Protective Order, by signing a copy of it and giving prompt notice to all other parties in this case, but doing so shall not entitle the non-party to have access to discovery materials or CONFIDENTIAL INFORMATION of a party   A non-party may also designate as CONFIDENTIAL any information, documents, or things produced by that third-party in this Lawsuit pursuant to the terms of this Protective Order

11      **Return or Destruction of Confidential Information**.

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the parties shall either return or destroy all CONFIDENTIAL INFORMATION the parties produced during this case, and all copies of such CONFIDENTIAL INFORMATION, within thirty (30) days of final disposition of this Lawsuit, except that counsel may retain one copy of such CONFIDENTIAL INFORMATION to maintain a complete file   If so, said CONFIDENTIAL INFORMATION remains CONFIDENTIAL and strictly subject to the terms of this Protective Order

Dated this 13 day of ~~February~~, *March* 2007

AGREED:

s/ Paul R. Flick
C. Michael Montgomery
John R. Chase
Paul R. Flick
Montgomery, Kolodny, Amatuzio &
  Dusbabek, L.L.P.
1775 Sherman Street, 21st Floor
Denver, Colorado 80203
Telephone: 303.592.6600
Fax: 303.592.6666
mmontgomery@mkadlaw.com
jchase@mkadlaw.com
pflick@mkadlaw.com

ATTORNEYS FOR DEFENDANT
TARGET CORPORATION

s/ Reid J. Elkus
Reid J. Elkus                3/9/2007
Donald C. Sisson
Elkus & Sisson, P.C.
1444 Blake Street
Denver, Colorado 80202
Telephone: 303-567-7981
Fax: 303-292-1956

Relkus@elkusandsisson.com
Dsisson@elkusandsisson.com

ATTORNEYS FOR PLAINTIFFS
BECKIE GRABAU AND DANIEL
GRABAU

THE FOREGOING STIPULATION IS HEREBY MADE AN ORDER OF COURT.

DATED this 15th day of March 2007          BY THE COURT:

O. Edward Schlatter
United States Magistrate Judge
Denver, Colorado

**EXHIBIT A**

**NON-DISCLOSURE AGREEMENT**

I hereby acknowledge that I have read the Stipulated Protective Order relating to

Confidential Information entered in BECKIE GRABAU AND DANIEL GRABAU v TARGET

CORPORATION, Civil Action No 06-CV-01308-WDM-PAC, and agree to be bound by its

terms

_____
Signature

_____
Type of print name

_____
Address

_____

_____
Telephone Number

_____
Date