IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01308-WDM-PAC

BECKIE GRABAU,

    Plaintiff,

v.

TARGET CORPORATION, a Minnesota corporation,

    Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

O. Edward Schlatter, United States Magistrate Judge

Plaintiffs bring a premises liability claim against defendant Target Corporation for, *inter alia*, compensatory damages for physical injuries Beckie Grabau sustained while shopping in a Target store when a vacuum cleaner fell on her from an upper shelf. An Order of Reference under 28 U.S.C. §636(b) referred this case to Magistrate Judge Patricia A. Coan on July 10, 2006 to conduct pretrial proceedings. Upon Magistrate Judge Coan's retirement, I assumed her caseload temporarily. The matter before the court is Defendant Target's Motion for Leave of Court to Designate Non-Parties at Fault Pursuant to COLO.REV.STAT. ("C.R.S.") §13-21-111.5 [Doc. #58, filed March 14, 2007].  The motion is fully briefed and is ripe for determination.

I.

Defendant Target represents that Plaintiff Beckie Grabau's treating neurologist, Dr. Lynn Parry, testified in a February 26, 2007 deposition that Plaintiff's insurer, Blue Cross/Blue Shield ("Blue Cross"), may have improperly denied payment for Botox

injections prescribed by Dr. Parry "to prevent permanent effects and, in particular, the development of Reflex Sympathetic Distrophy Syndrome ("RSD"), which would be irreversible, once established." Defendant seeks to designate Blue Cross as a non-party at fault pursuant to §13-21-111.5(3)(b), C.R.S., asserting as the basis for its designation that Blue Cross breached its implied duty of good faith and fair dealing to Plaintiff Beckie Grabau by unreasonably failing to investigate Dr. Parry's recommended medical treatment and in denying Plaintiff's claims for benefits.

II.

Section 13-21-111.5(3)(b), C.R.S., (2005) provides:

> Negligence or fault of a nonparty may be considered . . . if the defending party gives notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action unless the court determines that a longer period is necessary. The notice shall be given by filing a pleading in the action designating such nonparty and setting forth such nonparty's name and last-known address, or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault. Designation of a nonparty shall be subject to the provisions of section 13-17-102.

The statutory provision allows a defendant in a civil action to designate as a non-party at fault an individual or entity "wholly or partially at fault" for the damages alleged by the plaintiff. "The designation ensures that parties found liable will not be responsible for more than their fair share of the damages." *Pedge v. RM Holdings, Inc.*, 75 P.3d 1126, 1128 (Colo.App.2002)(citing *Stone v. Satriana*, 41 P.3d 705 (Colo.2002)).

The defendant must file a pleading that complies with §13-21-111.5(3)(b), C.R.S.,

before the fact-finder may consider the negligence or fault of a non-party. *Thompson v. Colo. & Eastern R.R. Co.*, 852 P.2d 1328, 1330 (Colo.App.1993); *Chavez v. Parkview Episcopal Medical Cntr.*, 32 P.3d 609, 612 (Colo. App. 2001).

Plaintiffs contend that Defendant's motion to designate Blue Cross as a responsible non-party should be denied because Defendant cannot show that Blue Cross owed a legal duty to Plaintiff Beckie Grabau, or, that Blue Cross breached that duty with a resulting injury to the Plaintiff, without expert proof about the standard of care in the insurance industry as it relates to the insurer's investigation of the reasonableness and necessity of Plaintiff's claim for medical treatment. Plaintiffs maintain that under Colorado law, Defendant is required to set forth the applicable standard of care in its non-party designation.

The Colorado apportionment statute applies to both negligent and intentional tortfeasors, and those who are otherwise legally responsible. *See Redden v. SCI Colo. Funeral Services, Inc.*, 38 P.3d 75 (Colo. 2001)(citing *Slack v. Farmers Ins. Exch.*, 5 P.3d 280, 285 (Colo. 2000)). An entity designated under §13-21-111.5(3)(b), C.R.S., must owe, or have owed, a duty recognized by law to the injured plaintiff. *Miller v. Byrne*, 916 P.2d 566, 578 (Colo.App. 1995).

In *Redden*, a medical malpractice action, the Colorado Supreme Court addressed the statutory requirements for designating a professional non-party at fault in tort litigation. The Court held:

> [T]o satisfy the third element of §13-21-111.5(3)(b), a party must allege that basis for believing the non-party legally liable to the extent the non-party's acts or omissions would satisfy all

3

>the elements of [the] claim. A designation that alleges only causation is insufficient as a matter of law, and in such circumstances, as here, a trial court's order to strike is proper.

*Redden*, 38 P.3d at 81.

Defendant alleges in its non-party designation that Blue Cross breached its implied duty of good faith and fair dealing to Plaintiff Beckie Grabau by unreasonably failing to investigate Dr. Parry's recommended medical treatment (botox injections) and in denying Plaintiff's claims for benefits.

An insurer is required to deal in good faith with its insured. *Decker v. Browning-Ferris Indus. of Colorado*, 931 P.2d 436, 443 (Colo. 1997.) The insurer's breach of its duty of good faith and fair dealing gives rise to an action in tort. *Goodson v. American Standard Ins. Co. of Wisconsin*, 89 P.3d 409, 414 (Colo. 2004). "[I]n the first-party context an insurer acts in bad faith in delaying the processing of or denying a valid claim when the insurer's conduct is unreasonable and the insurer knows that the conduct is unreasonable or recklessly disregards the fact that the conduct is unreasonable." *Travelers Ins. Co. v Savio*, 706 P.2d 1258, 1275 (Colo. 1985).

The unreasonableness of an insurer's conduct is measured by "proof of the standards of conduct in the industry." *Savio*, 706 P.2d at 1275; *see, also, Goodson*, 89 P.3d at 415.

In *American Family Mutual Ins. Co. v. Allen*, 102 P.3d 333 (Colo. 2004), the Colorado Supreme Court addressed the circumstances in which the insured must rely on expert testimony to establish industry standards to prove that the insurer acted unreasonably. The court held that expert testimony is not necessary to establish the

insurer's standard of care when a legislative enactment or administrative rule provides valid, but not conclusive, evidence of the standard of care, and when the standard is within the common knowledge and experience of ordinary persons. *Id.* at 343-44. The court recognized that the Unfair Claims Practices Act, at Section 10-3-1104(1)(h), C.R.S., which prohibits an insurer from refusing to pay claims without conducting a reasonable investigation based on all available information, or not providing a reasonable explanation for denying coverage, may be used as valid, but not conclusive, evidence of industry standards to prove that the insurer breached its duty of good faith. *Id.* at 344. The Colorado Supreme Court then held that the reasonableness of an insurer's investigation into the underlying events of an automobile insurance claim did not require specialized training beyond the common knowledge of the ordinary juror. *Id.* at 345. Similarly, the court found that the determination of what constitutes a reasonable explanation for denying a request for automobile insurance coverage does not require specialized knowledge or training. *Id.*

By contrast, what constitutes a reasonable investigation into an insured's claim for specific medical treatment is not within the common knowledge and experience of ordinary people. *See Allen,* 102 P.3d at 343 n.14 (citing *Burgess v. Mid-Century Ins. Co.*, 841 P.2d 325, 329 (Colo.App. 1992)(relying on expert testimony of the customary investigation procedures for determining appropriate medical treatment to establish that insurer acted in bad faith in declining coverage)). Accordingly, expert testimony about the reasonableness of Blue Cross' conduct, as measured against industry standards, is necessary to prove that Blue Cross breached its duty of good faith and fair dealing owed

to Plaintiff Beckie Grabau.

In *Redden*, the Colorado Supreme Court cautioned courts to construe the statutory non-party designation requirements strictly "to avoid a defendant attributing liability to a non-party from whom the plaintiff cannot recover." 38 P.3d at 80 (internal citations omitted).

*Redden* involved a claim of professional negligence. In that context, the Colorado Supreme Court recognized that the plaintiff must demonstrate that the professional's conduct fell below the standard of care appropriate to the profession and that "[e]xpert testimony is generally necessary to assist the trier of fact in determining the applicable standards [of care] because in most cases such standards are not within the purview of ordinary persons." *Id.* at 81. The court held that the defendant's designation of the plaintiff's treating chiropractor failed to comply with the statute because the designation did not show how the non-party could be found legally at fault. *Id.* at 81-82. Although the defendant alleged that the chiropractor's treatment of plaintiff fell below the "standard of care," defendant failed to set forth facts establishing the applicable standard of care within the chiropractic profession. *Id.*

Defendant maintains that *Redden* is inapplicable here because *Redden* involved a claim of professional negligence. However, the Tenth Circuit has interpreted *Redden* as governing non-party designations in all cases where the Colorado apportionment statute applies. *See Loughridge v. Chiles Power Supply Co., Inc.*, 431 F.3d 1268, 1278 (10th Cir. 2005)(stating, in a case involving claims of sale of a defective product, failure to warn and negligence, that "[t]o satisfy [§13-21-111.5(3)(b), C.R.S.], the party must `allege

6

the basis for believing the nonparty is legally liable to the extent the non-party's acts or omissions would satisfy all the elements of a [] claim'")(quoting *Redden*, 38 P.3d at 81)

Moreover, this case, like *Redden*, involves a claim where expert testimony will be required to establish that Blue Cross breached its duty of good faith and fair dealing to Plaintiff Beckie Grabau by unreasonably refusing to investigate, and in denying, her claim for Botox injections, as demonstrated by the applicable standards in the insurance industry.

I thus find that *Redden's* non-party designation requirements are applicable here. Defendant's designation of Blue Cross as a non party at fault must set forth the standard of care in the insurance industry for investigating the reasonableness and necessity of medical procedures or treatment recommended by the insured's treating physician to support a claim of breach of the duty of good faith and fair dealing involving the investigation and denial of medical claims.

Defendant alleges in its proffered Designation of Non-Parties at Fault that Blue Cross breached its duty of good faith and fair dealing owed to Plaintiff by failing to reasonably investigate the treatment recommendations of Plaintiff's medical providers and to pay claims that are reasonable and medically necessary for her alleged condition. Defendant further alleges that Blue Cross is wholly or partially at fault for any development or establishment of permanent RSD, for delaying and denying treatment which could prevent "permanent effects" and the "development of RSD which would be irreversible, if established," according to Dr. Parry. However, Defendant does not set forth the standard of conduct in the industry for evaluating recommended medical treatment in making

7

coverage decisions. Defendant's designation thus fails to show that Blue Cross could be found legally at fault. "When a court does not believe a defendant has established legal culpability against an alleged non-party, the designation is properly disallowed." *Redden*, 38 P.3d at 81.[1]

Accordingly, it is

**RECOMMENDED** that Defendant Target's Motion for Leave of Court to Designate Non-Parties at Fault Pursuant to C.R.S. §13-21-111.5 (Doc. #58), filed March 14, 2007, be **DENIED**.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based**

---

[1] I do not reach Plaintiffs' additional arguments that Defendant's motion is untimely and that Plaintiffs will be prejudiced if the motion is granted.

**on the findings and recommendations of the magistrate judge.**

Dated May 7, 2007.

BY THE COURT:

s/ O. Edward Schlatter
O. EDWARD SCHLATTER
United States Magistrate Judge