IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01308-WDM-KLM

BECKIE GRABAU,

    Plaintiff,

v.

TARGET CORPORATION, a Minnesota corporation,

    Defendant.

_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter comes before the Court on the **Plaintiffs' Motion to Strike Defendant's Sixth Supplemental Disclosures Pursuant to Fed. R. Civ. P. Rule 26(a)(1) and Supplemental Responses to Plaintiffs' Interrogatories** [Docket No. 102; filed July 13, 2007] (the "Motion to Strike").

The Court has reviewed the motion, Defendant's Response [Docket No. 113, filed August 1, 2007],  the arguments of counsel presented at the hearing held on September 18, 2007, the case file, and the applicable law and is sufficiently advised in the premises.

IT IS HEREBY ORDERED THAT the Motion is **DENIED**.  Plaintiff may supplement her expert opinion reports within thirty (30) days of this order.  Defendant may supplement its rebuttal expert opinion reports within fifteen (15) after receipt of Plaintiff's supplemental

expert reports.  Any further discovery will require leave of the Court.

At issue here are Defendant's supplemental discovery responses, submitted on July 9, 2007.  The supplemental responses disclosed video surveillance taken of Plaintiff over the months of May, June and July 2007.  By Minute Order dated January 5, 2007, Magistrate Judge Schlatter extended the discovery deadline in this case to May 9, 2007.  [Docket No. 45; filed January 5, 2007].  By second Minute Order, the discovery deadline was extended to May 10, 2007, for the limited purpose of allowing Plaintiff to complete its deposition of Defendant.  [Docket No. 83; filed May 11, 2007].  Accordingly, the supplemental disclosures at issue here were submitted two months after expiration of the discovery deadline.  Plaintiff argues that under the factors set forth in *Gallegos v. Swift*, 2007 WL 214416 (D.Colo. 2007), the disclosures must be stricken. *Motion to Strike*, P. 2, ¶ 3.  For its part, Defendant argues that it "complied with its obligations [under Fed. R. Civ. P. 26(e)] to seasonably supplement its discovery responses and disclosures." *Defendant's Response*, P. 4, ¶ 3.

In *Gallegos*, the Court sets out four factors to be used in guiding its discretion under Fed. R. Civ. P. 26(a).  These factors are: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; (4) the moving party's bad faith or willfulness."  *Gallegos*, 2007 WL 214416, at *2.

The first factor to be considered regarding the propriety of these supplemental disclosures is the prejudice or surprise to Plaintiff.  *Gallegos*, 2007 WL 214416, at *2.

Plaintiff alleges that she will face substantial prejudice if the supplemental responses are admitted. *Plaintiff's Motion to Strike*, P. 6, ¶ 2. She argues that admission of the video surveillance tapes requires re-opening of discovery so that Plaintiff's experts can review the videos and address the issues contained therein. *Plaintiff's Motion to Strike*, P. 6, ¶ 2. Limited re-opening of discovery for that purpose will eliminate the prejudice to which Plaintiff refers.

The second factor is the ability of Plaintiff to cure the prejudice. *Gallegos*, 2007 WL 214416, at *2. Here, it appears that Plaintiff can cure any prejudice from late disclosures by having her experts address any medical issues that are raised by the videos. The Court has addressed this by allowing the Plaintiff thirty days in which to supplement her expert reports, thus giving her experts the time to review the videos and address the issues therein.

The third factor is the extent to which introducing the videos would disrupt the trial date. *Gallegos*, 2007 WL 214416, at *2. In the instant case, a five day jury trial is currently set for March 17, 2008. *Minute Order*, Docket No. 109; filed July 18, 2007. Neither party has asserted that permitting the disclosures will disrupt the trial or force a continuance of the trial date. Accordingly, I find that this factor does not militate against allowing the disclosures.

The fourth factor to be considered is Defendant's bad faith and willfulness in producing late disclosures. Plaintiff has alleged various indicators of bad faith and willfulness on the part of Defendant. However, this Court finds no evidence of bad faith.

Defendant has stated that it was not on notice that Plaintiff was completely unable to work until after it took her second deposition on May 8, 2007. *Defendant's Response*, P.2, ¶ 2. Defendant further avers that this statement created the need for video surveillance. *Defendant's Response*, P.2, ¶ 2.

Under the factors set forth in *Gallegos*, this Court does not find that it will be unduly prejudicial or burdensome to Plaintiff to allow Defendant's supplemental disclosures. Conversely, to strike these disclosures would dis-serve the interests of the Parties in obtaining a just resolution of their dispute.

Accordingly, it is HEREBY ORDERED that **Plaintiffs' Motion to Strike Defendant's Sixth Supplemental Disclosures Pursuant to Fed. R. Civ. P. Rule 26(a)(1) and Supplemental Responses to Plaintiffs' Interrogatories** [Docket No. 102; filed July 13, 2007] is **DENIED**, as specified above.

BY THE COURT:

/s/ Kristen L. Mix

United States Magistrate Judge

Dated:  September 24, 2007