IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-01308-WDM-KLM

BECKIE GRABAU and
DANIEL GRABAU,

    Plaintiffs,

v.

TARGET CORPORATION, a Minnesota corporation,

    Defendant.

---

**ORDER ON RECOMMENDATIONS OF MAGISTRATE JUDGE
AND MOTION TO STRIKE**

---

Miller, J.

This matter is before me on (1) the recommendation of Magistrate Judge O. Edward Schlatter (Docket No. 74) that Defendant's Motion to Designate Non-Parties at Fault (Docket No. 58) be denied and (2) the recommendation of Magistrate Judge Schlatter (Docket No. 100) that Plaintiffs' Motion for Leave to File Second Amended Complaint (Docket No. 87) be denied as futile. Following review, I conclude that the recommendation regarding Defendant's Motion to Designate Non-parties at Fault should be accepted as modified and the recommendation concerning Plaintiff's Motion for Leave to File a Second Amended Complaint should be accepted.

## Background

This case arises from injuries Plaintiff Beckie Grabau (Mrs. Grabau) sustained

while she was shopping at a Target store in Superior, Colorado.  In the summer of 2005 Defendant Target Corporation (Defendant) began selling and displaying "hand and specialty vacuums" at its retail stores.  Prior to displaying such vacuums in the store, each store received a "planogram" detailing the requirements and schematic design for the vacuum display.  Among the requirements was installation of a one inch safety rail along the front of the display shelf.  Defendant issued a second planogram also requiring the one inch safety rail in October 2005.  Defendant's employees have admitted that they received the planograms and reviewed them but did not install the one inch safety rail until January 2007.

According to the complaint, Mrs. Grabau was shopping in the vacuum cleaner isle on February 19, 2006 at approximately 2:30 p.m.   As she was bending down to pick up a bottle of spot cleaner from the bottom shelf, she heard something begin to fall from above her.  In response, Mrs. Grabau raised her right hand to shield herself from the falling object.  A vacuum cleaner fell from the top shelf and struck her on the head, right arm, and right shoulder.  Mrs. Grabau left the store without filling out a guest incident report, but returned four days later to file a report.

During the next few days, Mrs. Grabau began experiencing back and shoulder pain allegedly arising from the incident at Target.  She also suffered a bruised shoulder, strained nerves in the rotator cuff, hand and wrist bruises, and a possible concussion.  She was later diagnosed with Reflex Sympathetic Dystrophy Syndrome (RSDS).  Although the degree of damage to Mrs. Grabau's right arm is not yet known, doctors have speculated that she may completely lose the use of her arm.

Mrs. Grabau filed suit against Defendant on June 12, 2006 in District Court, County of Boulder, Colorado. In the original complaint, Mrs. Grabau asserted a single claim under Colorado's Premises Liability Statute. Colo. Rev. Stat. § 13-21-115. Defendant removed to federal court on July 7, 2006 based on diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Although the scheduling order dated October 6, 2006 (Docket No. 17) set November 16, 2006 as the deadline for joinder of parties and amendment of pleadings, Mrs. Grabau was allowed to amend the complaint in December 2006 to add Plaintiff Daniel Grabau (Mr. Grabau) as a plaintiff to assert a claim of loss of consortium.

Discussion

1. Defendant's Motion to Designate Non-Parties at Fault

Defendant took the deposition of Dr. Lynn Parry, Mrs. Grabau's treating neurologist, on February 26, 2007. Based on this deposition, Defendant contends that Blue Cross/Blue Shield (BCBS), Mrs. Grabau's insurer, may be wholly or partially liable for Mrs. Grabau's injuries (specifically her development of RSDS) because BCBS denied benefits for certain treatments recommended by Dr. Parry. Defendant thus moved for leave to designate BCBS as a non-party at fault on March 14, 2007. Magistrate Judge Schlatter recommended that Defendant's motion be denied because Defendant failed to demonstrate the standard of care BCBS allegedly breached in order to be liable (Docket No. 74).[1] Defendant filed a timely objection on May 15, 2007

---

[1] Plaintiffs objected to Defendant's Motion to Designate Non-Parties at Fault because (1) Defendant did not demonstrate the relevant standard of care; (2) Defendant's motion was untimely under Colo. Rev. Stat. § 13-21-111.5(3)(b) which

(Docket No. 90). Plaintiffs filed a response to Defendant's objection on May 23, 2007 (Docket No. 91).

As a preliminary matter, I must address Defendant's motion to strike Plaintiffs' response (Docket No. 92). Defendant argues that the response was not filed within the ten-day time limit for objections to recommendations and must, therefore, be struck as untimely. Plaintiffs argue that the response is not an objection but rather a response to Defendant's objection and thus not subject to the ten-day limitation. I agree with Plaintiff. Although the recommendation itself does not address responses to objections, Fed. R. Civ. P. 72(b)[2] allows a response to an objection within ten days after the objection is filed. As Plaintiffs filed their response within ten days after Defendant's objection was filed, the response is timely. Therefore, Defendant's Motion to Strike Plaintiffs' Response (Docket No. 92) shall be denied.

Because Defendant filed a timely objection to the recommendation, it is entitled to *de novo* review of the matters to which objection was made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Ocelot Oil Corp.*, 847 F.2d at 1462. The issue that determined Magistrate Judge Schlatter's recommendation and to which Defendant objects is

---

requires a designation occur "within ninety days following commencement of the action unless the court determines that a longer period is necessary"; and (3) the prejudice to the Plaintiffs greatly outweighs the inclusion of BCBS as a non-party. Magistrate Judge Schlatter did not reach Plaintiffs' last two arguments as he found that their first argument precluded granting Defendant leave to designate BCBS as a non-party.

[2] Fed. R. Civ. P. 72(b), rather than (a), is applicable in this case because the motion is one for leave to designate a non-party at fault, which is dispositive of one of Defendant's defenses. *See* Fed. R. Civ. P. 72(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462–63 (10th Cir. 1988).

whether Defendant must demonstrate the standard of care to which BCBS should be held in evaluating claims benefits to cover recommended medical treatments. Magistrate Judge Schlatter determined that Defendant was required to make this showing and recommended that Defendant's motion be denied for failure to do so.

In its objection, Defendant first argues that a showing of the standard of care is not required because the relevant standard of care is statutory and defined in Colo. Rev. Stat. § 10-16-113. This legal theory, however, was only raised in Defendant's objection to Magistrate Judge Schlatter's recommendation and, therefore, is deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived." (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996))). Thus, I will not consider whether Colo. Rev. Stat. § 10-16-113 provides a statutory standard of care for evaluating medical claims such that Defendant was not required to demonstrate the standard of care in its motion to designate a non-party at fault.[3] Defendant also argues that Magistrate Judge Schlatter incorrectly applied the standard for designating a health care practitioner as a non-party, which has additional requirements not necessary to designate an insurer as a non-party at fault. Finally, Defendant argues that it satisfied its statutory burden for designating a non-party at fault. As the final two arguments were raised in prior pleadings and not just the objection, I review Magistrate Judge Schlatter's recommendation *de novo* on these

---

[3] I note, however, that Colo. Rev. Stat. § 10-16-113 deals with the procedure for denying benefits and not with any procedure for evaluating a claim for benefits.

issues.

Defendant wishes to add BCBS as a non-party at fault based on BCBS's alleged bad faith breach of insurance contract for improperly denying medical treatment to Mrs. Grabau. In Colorado,

> Negligence or fault of a nonparty may be considered . . . if the defending party gives notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action unless the court determines that a longer period is necessary. The notice shall be given by filing a pleading in the action designating such nonparty and setting forth such nonparty's name and last-known address, or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault. . . . If the designated nonparty is a licensed health care professional and the defendant designating such nonparty alleged professional negligence by such nonparty, the requirements and procedures of section 13-20-602 shall apply.

Colo. Rev. Stat. § 13-21-111.5(3)(b). Therefore, "[t]o satisfy these statutory requirements, the defendant . . . must submit to the trial court, within ninety days of commencement of the action, four things: (1) the non-party's name; (2) the non-party's last-known address; (3) a brief statement of the basis for the non-party's fault" (the brief statement requirement) and, (4) if the non-party is a licensed professional being charged with professional negligence, "a Certificate of Review under section13-20-602." *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 80 (Colo. 2001).

To satisfy the brief statement requirement, the defendant "must go beyond a bald allegation" of fault or negligence. *Id.* at 81 (citing *Sandoval v. Archdiocese of Denver*, 8 P.3d 598, 606 (Colo. Ct. App. 2000)). The defendant must "connect facts with the established elements" forming the basis for the non-party's liability. *See id.* ("A proper non-party designation connects facts with the established elements of

negligence."). If the defendant does not establish "legal culpability against an alleged non-party, the designation is properly disallowed."[4] *Id.* Under this standard, Defendant in this case must set forth sufficient facts to demonstrate BCBS's liability for bad faith breach of insurance contract.

"Claims for bad faith breach of insurance contract arise in first-party and third-party contexts." *Goodson v. Am. Standard Ins. Co. of Wis.*, 89 P.3d 409, 414 (Colo. 2004) (citations omitted). First-party claims are those by the insured against his/her own insurance company while third-party claims are those brought by a third party against an insurance company regarding its coverage of one of its insureds. *Id.* Generally, "[a]n insurer's liability for bad faith breach of insurance contract depends on whether its conduct was appropriate under the circumstances." *Id.* at 415. The standard of care in a third-party claim is mere negligence. *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1274 (Colo. 1985) (citing *Farmer's Group, Inc. v. Trimble*, 691 P.2d 1138, 1142 (Colo. 1984)). However, to prevail in a first-party claim, a plaintiff must show two elements: (1) the insurer acted unreasonably, and (2) the insurer "either knowingly or recklessly disregarded the validity of the insured's claim." *Goodson*, 89 P.3d at 415 (citing *Savio*, 706 P.2d at 1275); *Dale v. Guar. Nat'l Ins. Co.*, 948 P.2d 545, 551 (Colo. 1997)*; Pham v. State Farm Mut. Auto. Ins. Co.*, 70 P.3d 567, 572 (Colo. Ct.

---

[4] As discussed below, this is not simply a requirement when the non-party is a health care professional (Item 4 above), but rather is required to satisfy the "brief statement" requirement (Item 3 above). *See Redden*, 38 P.3d at 80–81 (discussing how to satisfy the "brief statement of the basis for fault" requirement). Therefore, I disagree with Defendant's argument that this is only required for designating a health care professional as a non-party at fault.

App. 2003) (citing *Dale*, 948 P.2d 545).

The reasonableness of the insurer's conduct must be determined objectively, based on proof of industry standards." *Goodson*, 89 P.3d at 415; *Am. Family Mut. Ins. v. Allen*, 102 P.3d 333, 343 (Colo. 2004). "Expert witnesses can provide additional relevant evidence of the standard of care if the standard is not within the common knowledge of the ordinary juror." *Allen*, 102 P.3d at 343 (citing *Gerrity Oil & Gas Corp. v. Magness*, 946 P.2d 913, 931 (Colo. 1997)). However, "expert testimony is not required to establish the reasonableness of the insurer's conduct where the standard of care does not entail specialized knowledge or skill beyond that of the average juror." *Id.* (citing *Surdyka v. DeWitt*, 784 P.2d 819, 822 (Colo. Ct. App. 1989)).

Magistrate Judge Schlatter determined that Defendant had not satisfied the requirements for designating a non-party at fault. I agree although on slightly different grounds. Colo. Rev. Stat. § 13-21-111.5(3)(b) requires Defendant to satisfy the brief statement requirement by demonstrating legal culpability. A bad faith breach of insurance contract requires (1) the insurer act unreasonably and (2) the insurer "either knowingly or recklessly disregarded the validity of the insured's claim." *Goodson*, 89 P.3d at 415 (citing *Savio*, 706 P.2d at 1275). Therefore, to satisfy the brief statement requirement, Defendant must have demonstrated that BCBS (1) acted unreasonably—that is, not acting in compliance with the standard of care—and (2) "knowingly or recklessly disregarded the validity" of Plaintiff's claim for benefits. *Id.*

First, Defendant argues that it is only required to set forth the standard of care if it wished to designate a health care professional as a non-party at fault. However,

articulation of the standard of care is required as part of the brief statement requirement which applies to any designation of a non-party at fault. It is not solely a requirement for designating a health care professional as a non-party at fault. Thus, Defendant is not excused from demonstrating the standard of care even though BCBS is not a health care professional.

     Defendant also argues that it satisfied the brief statement requirement even though it did not set forth the applicable standard of care. I disagree. To designate a non-party at fault under a bad faith breach of contract theory of liability, Defendant is required to show that the insurer acted unreasonably—that is, out of line with the standard of care. *See Allen*, 102 P.3d at 342 ("Thus, the next relevant inquiry is whether the insured . . . must rely upon expert testimony to establish industry standards to prove that the insurer breached its duty of good faith—that is, that the insurer acted unreasonably."). To make this showing, demonstration of the applicable standard of care is required. Defendant makes no such showing, but rather, merely alleges that the denial of benefits may have contributed to Mrs. Grabau's development of a permanent disability. Defendant argues that it satisfied the brief statement requirement by alleging that an insurer owes a duty of good faith and fair dealing to its insured. This is insufficient, however, to form the basis of liability for a bad faith breach of contract claim because it does not allege the two prongs of a bad faith claim. Therefore, I conclude that Defendant did not meet the notice requirements set forth in Colo. Rev. Stat. § 13-21-111.5(3)(b) as explained by *Redden*.

     Magistrate Judge Schlatter based his conclusion that Defendant did not meet his

statutory burden on the idea that expert testimony regarding the standard of care in the insurance industry was necessary to show that BCBS breached its duty of good faith and fair dealing to Mrs. Grabau. Given my ruling, I do not find it necessary to determine whether expert testimony is required to demonstrate the standard of care in the insurance industry. Therefore, I will accept Magistrate Judge Schlatter's recommendation as modified and deny Defendant's Motion for Leave to Designate Non-parties at Fault.

2. <u>Plaintiffs' Motion for Leave to File Second Amended Complaint</u>

On May 16, 2007, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint (Docket No. 87). On July 2, 2007, Magistrate Judge Schlatter recommended that the motion be denied as futile (Docket No. 100). Plaintiffs filed a timely objection to the recommendation (Docket No. 48) and would generally be entitled to *de novo* review. 28 U.S.C. § 636(b); *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). However, when the recommendation concerns a non-dispositive motion, I must review the recommendation under a "clearly erroneous or contrary to law" standard of review.[5]

---

[5] "The clearly erroneous standard . . . requires that the reviewing court affirm unless it[,] 'on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp*, 847 F.2d at 1464 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "Under the 'contrary to law standard', the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate's order only if it applied an incorrect legal standard." *Jensen v. Solvay Chems., Inc.*, 2007 U.S. Dist. LEXIS 77702, at *5–6 (D. Wyo. Oct. 18, 2007) (unpublished) (citing *Wyoming v. U.S. Dep't of Agric.*, 239 F.Supp.2d 1219, 1236 (D. Wyo. 2002)); *Hawaii v. Abbott Labs., Inc.*, 469 F.Supp.2d 842, 846 (D. Haw. Nov. 30, 2006) ("A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." (citing *Conant v. McCaffrey*, 1998 U.S. Dist. LEXIS 22837, at *2 (N.D. Cal. Mar. 16, 1998))).

28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988) (citing 28 U.S.C. § 636(b)(1)(A)).

Motions to amend are widely considered non-dispositive motions because they are "'pretrial matter[s] not dispositive of a claim or defense of a party' within the purview of Fed. R. Civ. P. 72(a)." *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993) (citing *Walker v. Union Carbide Corp.*, 630 F. Supp. 275, 277 (D. Me. 1986) and 28 U.S.C. § 636(b)(1)(A)); *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006); *Sprint Commc'ns L.P. v. Vonage Holdings Corp.*, 500 F.Supp.2d 1290, 1346 (D. Kan. 2007); *Vandewalker v. Quandt's Food Serv. Distribs., Inc.*, 934 F.Supp. 42, 48 (N.D. N.Y. 1996) ("Orders granting leave to amend are nondispositive, as they do not remove claims or defenses of a party." (citing Fed. R. Civ. P. 72)). In regard to a motion to amend to add a claim for exemplary damages, two district courts in this district have split on the issue of whether such a motion is dispositive or non-dispositive. *See Micale v. Bank One N.A.*, 2006 U.S. Dist. LEXIS 28220, at *9 (D. Colo. May 5, 2006) (unpublished) (holding that a motion to amend the complaint to add a claim for exemplary damages is non-dispositive); *Fuller v. Mickelson*, 2007 U.S. Dist. LEXIS 80530, at *4 (D. Colo. Oct. 31, 2007) (unpublished) (holding that a motion to amend to add a claim for exemplary damages is dispositive because it "precludes the filing of a

claim for damages"). However, because I find that Magistrate Judge Schlatter's recommendation should be accepted under either *de novo* review or the clearly erroneous or contrary to law standard, I need not decide whether a motion to amend to add a claim for exemplary damages is dispositive or non-dispositive.

Plaintiffs wish to add a claim for exemplary damages. Defendant argues that such amendment is not proper because (1) the motion for leave was not timely and (2) amendment is futile. In his recommendation, Magistrate Judge Schlatter agreed with Defendant as to its second argument only. Accordingly, Plaintiffs only object to Magistrate Judge Schlatter's finding that amendment is futile. Therefore, I will only address this issue.

The Federal Rules of Civil Procedure state that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Denial of leave to amend is generally only "justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357,1365 (10th Cir. 1993) (citing *Castleglen, Inv. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)). Therefore, to avoid denial of this motion based on futility of amendment, Plaintiffs must set forth facts sufficient to demonstrate entitlement to exemplary damages.

Colorado allows reasonable exemplary damages "[i]n all civil actions in which damages are assessed by a jury for a wrong done to the person . . . and the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a). A claim for exemplary damages, however, "may not be included in any initial claim for relief." *Id.* § 13-21-102(1.5)(a). Instead, a claim for exemplary damages, "may be allowed by amendment to the pleadings, only after the exchange of initial disclosures pursuant to rule 26 . . . and the plaintiff establishes prima facie proof of a triable issue." *Id.* Therefore, to add a claim for exemplary damages, Plaintiffs must set forth "prima facie proof" that Defendant acted with willful and wanton conduct.[6]

The statute defines "willful and wanton conduct" as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others." *Id.* § 13-21-102(1)(b). The Colorado Supreme Court has further noted that "[w]here the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements" are met. *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005) (citations omitted). Furthermore, "'wanton and reckless' disregard in the context of exemplary damages [involves] 'conduct that creates a substantial risk of harm to another and is purposefully performed with an awareness of the risk in disregard of the consequences.'" *Tri-Aspen*

---

[6] Plaintiffs do not allege that exemplary damages are appropriate due to circumstances of fraud or malice. *See* Colo. Rev. Stat. § 13-21-102(1)(a).

*Constr. Co v. Johnson*, 714 P.2d 484, 486 (Colo. 1986) (quoting *Palmer v. A.H. Robins Co.*, 684 P.2d 187, 215 (Colo. 1984)).

Magistrate Judge Schlatter determined that Plaintiffs failed to establish prima facie proof of willful and wanton conduct because they failed to "allege any facts, or point to evidence, that [Defendant's] employees acted purposefully or deliberately in failing to implement the one inch safety rail in the hand and specialty vacuum display." (Rec. at 7.) Magistrate Judge Schlatter noted that "none of the individuals deposed by the plaintiffs were aware that the safety rail was not installed until after Beckie Grabau was allegedly injured by a falling vacuum cleaner" and there was no evidence of prior or subsequent incidents of falling vacuum cleaners. *Id.* at 9. Furthermore, Magistrate Judge Schlatter determined that the circumstances of this case did not warrant a finding of willful and wanton conduct for a failure to install the safety rail even though the planograms required the safety rail because there was no evidence of a purposeful failure to act. Therefore, Magistrate Judge Schlatter recommended Plaintiffs' motion for leave to amend complaint to add exemplary damages be denied as futile.

In their objection, Plaintiffs simply argue that they have demonstrated Defendant's willful and wanton conduct. However, Plaintiffs' argument focuses only on the "disregard the consequences" aspect of the definition of willful and wanton conduct and ignores the "purposeful" aspect. *See* Colo. Rev. Stat. § 13-21-102(1)(b) (defining "willful and wanton conduct" as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others"). However, failure to demonstrate

one of the elements of willful and wanton conduct precludes a claim for exemplary damages.  As Plaintiffs have not demonstrated purposeful or deliberate conduct, I agree with Magistrate Judge Schlatter and Defendant that Plaintiffs are precluded from adding a claim for exemplary damages to their complaint.

Plaintiffs also argue that there is no "knew or should have known" requirement for a showing of willful and wanton conduct and, therefore, their allegations are sufficient to demonstrate willful and wanton conduct.  They base this argument on *Miller v. Solalas Cal., Inc.*, 870 P.2d 559, 568 (Colo. Ct. App. 1983).  Plaintiffs, however, misread the case.  Although the *Miller* court declined to apply a "knew or should have known" requirement, it instead opted to adopt "the more demanding requirement" that "the act was performed 'with such a wanton and reckless disregard of [the plaintiff's] rights as evidence of a wrongful motive.'" *Id.* (alternation in original) (quoting *Tri-Aspen*, 714 P.2d at 486 n.3).  Therefore, *Miller* does not lower the relevant standard for willful and wanton conduct, but rather adheres to a higher standard.  As such, *Miller* does not excuse Plaintiffs from demonstrating purposeful or deliberate conduct.

Finally, Plaintiffs argue that Defendant's failure to install the one inch safety rail even though there were two planograms requiring the rail constitutes willful and wanton conduct under *Bodah v. Montgomery Ward & Co., Inc.*, 724 P.2d 102, 104 (Colo. Ct. App. 1986), and *Jacobs v. Commonwealth Highland Theatres, Inc.*, 738 P.2d 6, 10 (Colo Ct. App. 1986).   Both *Bodah* and *Jacobs* recognize that, under certain circumstances, failure to act or mere negligence may constitute willful and wanton conduct.  *See Bodah*, 724 P.2d at 104; *Jacobs*, 738 P.2d at 10.  Magistrate Judge

Schlatter concluded that neither of these cases applied to this case because in this case there was no evidence that Defendant "had any knowledge of prior incidents involving hand or speciality vacuum cleaners falling off an upper shelf and endangering store patrons." (Rec. at 12.)

Plaintiffs argue that, although the facts of this case are not similar to *Jacobs*, they are similar to *Bodah* and, therefore, *Bodah's* reasoning should apply. I disagree. In *Bodah*, the Colorado Court of Appeals found that a jury's award of exemplary damages was supported by the facts where the defendant had been notified on three separate occasions of a dangerous condition but failed to take any measures to prevent injury. *Bodah*, 724 P.2d at 104. In contrast, in this case Defendant was never notified of the dangerous condition or that vacuums previously had fallen from the shelf. Plaintiffs rely solely on the planograms' requirement of a safety rail to demonstrate Defendant's notice of the dangerous condition. This is, however, much different than being notified by employees or customers of the dangerous condition due to the occurrence of similar incidents. With this distinction, I conclude *Bodah* does not warrant a finding of willful and wanton conduct for failure to install the safety rail in spite of the planograms.

Furthermore, willful and wanton conduct based on failure to act must still be accompanied by a purposeful action. *Jacobs*, 738 P.2d at 10. Indeed, the *Jacobs* court held that willful and wanton conduct occurs when "the failure to act creates a substantial risk of harm to another and *purposefully* occurs with awareness of the risk in disregard of consequences . . . or if the defendant, while *conscious of its*

*conduct and cognizant of existing conditions*, knew or should have known that injury would probably result from its omissions." *Id.* (emphasis added). Therefore, I agree with Magistrate Judge Schlatter that, as Plaintiffs have not shown purposeful or deliberate action, it would be futile for them to add a claim for exemplary damages under Colo. Rev. Stat. § 13-21-102(1)(a).

Accordingly, it is ordered:

1. Defendant's Motion to Strike Plaintiffs' Response to Defendant's Objection to Magistrate's Ruling, filed May 24, 2007 (Docket No. 92) is denied.

2. The recommendation issued by Magistrate Judge Schlatter on May 7, 2007 (Docket No. 74) is accepted as modified.

3. Defendant's Motion for Leave to Designate Non-Parties at Fault, filed March 14, 2007 (Docket No. 58) is denied.

4. The recommendation issued by Magistrate Judge Schlatter on July 2, 2007 (Docket No. 100) is accepted.

5. Plaintiffs' Motion for Leave to File Second Amended Complaint, filed May 16, 2007 (Docket No. 87) is denied.

DATED at Denver, Colorado, on January 17, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge