IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-01308-WDM-KLM

BECKIE GRABAU and
DANIEL GRABAU,

    Plaintiffs,

v.

TARGET CORPORATION, a Minnesota corporation,

    Defendant.

## ORDER ON MOTIONS IN LIMINE

Miller, J.

This matter is before me on (1) Defendant's Motion in Limine regarding the installation of zip ties (Docket No. 123); Defendant's motion in limine regarding the installation of safety lips or (or rails) on shelves (Docket No. 124); and Defendant's motion in limine regarding expert testimony by Herbert Newbold (Docket No. 125).[1] For the reasons that follow, the motions in limine regarding the zip ties and safety rails will be granted and the motion in limine regarding the expert testimony of Mr. Newbold will be granted in part and denied in part.

### Background

See my Order dated January 17, 2008 (Docket No. 121).

---

[1] There are three other motions in limine pending that are not addressed in this Order (Dockets Nos. 126, 128, 129).

PDF Final

Discussion

1. <u>Defendant's Motions in Limine Regarding Subsequent Remedial Measures</u>

Both Defendant's motion in limine regarding installation of zip ties and its motion in limine regarding installation of safety lips deal with subsequent remedial measures. Plaintiffs intend to introduce evidence that the Superior Target and other metro-Denver Target stores were using zip ties or safety lips on vacuum shelf displays after Mrs. Grabau's accident. Defendant seeks to exclude this evidence under Fed. R. Evid. 407 which excludes evidence of subsequent remedial measures "to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction." The rule, however, allows introduction of evidence of subsequent remedial measures for "another purpose such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment." Fed. R. Evid. 407.

Plaintiffs first argue that the safety lip is not a subsequent remedial measure and, therefore, not subject to exclusion under Rule 407, because it was a safety measure contemplated prior to the accident, *i.e.*, in the planograms for the vacuum display shelf. I disagree. The clear language of the rule does not differentiate based on whether the measure was contemplated before or after the accident, but rather excludes any measure "taken, that if taken previously, would have made the injury or harm less likely to occur." *Id.* Both the zip ties and the safety lip clearly meet this definition and, therefore, should be excluded pursuant to Rule 407 to prove negligence or culpable conduct.

Plaintiffs next argue that evidence regarding installation of zip ties is admissible to prove that zip ties were economically feasible. In the Final Pretrial Order (Docket No. 135 ¶ 4) Defendant stipulated to the fact that installation of zip ties was economically feasible; however, Defendant's proposed jury instructions (Docket No. 140 at 7) do not include this stipulation. Therefore, Plaintiffs argue that the evidence is admissible to prove feasibility. I agree that Rule 407 allows evidence of subsequent remedial measures when the evidence is used to prove "feasibility of precautionary measures." However, Rule 407 also contains a limitation on this use, which is that, to be admissible, the feasibility must be controverted. Therefore, evidence of the zip ties will be excluded, but if the feasibility of such a remedial measure is controverted at trial, evidence of the zip ties may be admitted to prove feasibility.

Finally, Plaintiffs argue that evidence of both the zip ties and safety lips is admissible to prove knowledge of a dangerous condition citing *Rozier v. Ford Motor Co.*, which, in dicta, states that subsequent remedial measures are admissible to prove knowledge of a dangerous condition. 573 F.2d 1332, 1343 (5th Cir. 1978) (stating that had they found the evidence to be concerning subsequent remedial measures it would still be admissible to prove knowledge of a dangerous condition). However, I decline to follow a rule found in dicta of another circuit that appears to contradict the clear language of the rule. It seems to me that in a premises liability action use of subsequent remedial measures to prove knowledge of a dangerous condition is exactly what the rule prohibits. *See* Colo. Rev. Stat. § 13-21-115(3)(b)(c) ("[A]n invitee may recover for damages caused by the landowner's unreasonable failure to exercise

reasonable care to protect against *danger of which he actually knew* or should have known." (emphasis added)). Therefore, evidence regarding the installation or use of zip ties or safety lips after Mrs. Grabau's accident shall be excluded from the trial.

2. <u>Defendant's Motion in Limine Regarding Expert Testimony of Herbert Newbold</u>

Plaintiffs' expert Mr. Newbold was hired to inspect the Superior Target store. Defendant was present for the inspection and testing conducted at the Superior location. When Plaintiffs submitted Mr. Newbold's report, however, it included conclusions and opinions based on testing and inspection performed at 23 other Target locations during which Defendant was not present. Defendant argues that Plaintiffs did not follow the proper procedure pursuant to Fed. R. Civ. P. 34(a)(2)[2] for inspection and testing at the other 23 Target locations and, therefore, the evidence, including any photographs, should be inadmissible. As further support, Defendant claims that Plaintiffs' action deprived it of the ability to be present during Newbold's inspections. Finally, Defendant argues that it has stipulated that the safety lip was not installed as required at the time of the accident and, therefore, the evidence is irrelevant.

Plaintiffs respond that the neither the Tenth Circuit nor the District of Colorado has addressed a failure to comply with Rule 34 when the place entered during

---

[2] Fed. R. Civ. P. 34(a) states:
In General. A party may serve on any other party a request within the scope of Rule 26(b):
. . .

(2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

discovery is open to the public.  They argue that when the place inspected is open to the public Rule 34 does not require an inspection request as it is designed to provide a method by which a party can gain access to things, property, or items which they would not otherwise be able to access.  *See MONY Life Ins. Co. v. Hinsdale Mgmt.*, 2002 WL 1285076, at *3 (N.D. Ill. June 6, 2002).   Plaintiffs also respond that Defendant would not be prejudiced by the introduction of Mr. Newbold's testimony because it had ample opportunity to depose him or rebut his testimony as his report was provided to Defendant on February 8, 2007.  Finally, Plaintiffs argue that the information regarding other Target stores' safety measures on vacuum displays is relevant to the issue of knowledge of a dangerous condition.

   First, I note that given my earlier rulings, Mr. Newbold will be prohibited from discussing any subsequent remedial measures taken in the Superior Target store or any other Target store.  The remainder of his testimony, however, may be admissible.  As I have not seen Mr. Newbold's report, I do not have the benefit of knowing the content of his testimony.  Therefore, I am unable to determine with specificity exactly what portions of his testimony are admissible or inadmissible.  However, I do not think that failure to request an inspection as contemplated in Fed. R. Civ. P. 34 is a basis for excluding evidence.  I note that Rule 34 is permissive rather than compulsory and that, by its plain language, contemplates that the rule applies to evidence or property that is possessed by or under the control of the opposing party.  Taking into account the intention and reason behind the rule, the rule arguably does not apply when the opposing party does not control access to the property such as when the property is

open to the public.  Furthermore, Rule 34 does not mandate that the possessor or owner of the land be present during an inspection by the opposing party.  Therefore, Mr. Newbold's testimony shall be admitted subject to objections at trial and except to the extent that it is based on or deals with evidence of subsequent remedial measures.

Accordingly, it is ordered:

1. Defendant's Motion in Limine regarding the installation of zip ties (Docket No. 123) is granted pursuant to Fed. R. Evid. 407 unless feasibility becomes an issue.

2. Defendant's motion in limine regarding the installation of safety lips (Docket No. 124) is granted pursuant to Fed. R. Evid. 407.

3. Defendant's motion in limine regarding expert testimony by Herbert Newbold (Docket No. 125) is granted to the extent his testimony is based on evidence of subsequent remedial measures.  The motion is denied with respect to Mr. Newbold's other testimony or opinions but remains subject to objection at trial.

DATED at Denver, Colorado, on February 29, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge