IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-01308-WDM-KLM

BECKIE GRABAU and
DANIEL GRABAU,

    Plaintiffs,

v.

TARGET CORPORATION, a Minnesota corporation,

    Defendant.

## ORDER ON MOTION IN LIMINE

Miller, J.

This matter is before me on Defendant's Motion in Limine To Exclude Evidence of Medical Damages in Excess of Amounts Paid by Health Insurance (Docket No. 129). For the reasons that follow, the motion will be conditionally granted.

### Background

See my Order dated January 17, 2008 (Docket No. 121).

### Discussion

Defendant's final motion in limine seeks to exclude all evidence of alleged medical damages in excess of amounts paid by Mrs. Grabau's health insurance. Defendant alleges that the initial billed amount does not accurately reflect the actual amount of damages that a patient incurs from medical treatment because the patient is never expected to pay that amount. Therefore, Defendant alleges, allowing Plaintiffs to

PDF Final

recover for the amount billed, rather than the actual amount paid by the insurance company, would result in a windfall to Plaintiffs. As compensatory damages are intended to make a plaintiff whole, the medical community's practice of initially overbilling should not allow Plaintiffs to recover more than the damages they actually incurred, *i.e.*, the amount that the medical provider accepted in full satisfaction of the service rendered. Therefore, Defendant argues, that the full amounts billed should be excluded because they are not relevant pursuant to Fed. R. Evid. 401–02 or because its probative value is substantially outweighed by the danger of unfair prejudice pursuant to Fed. R. Evid. 403.

Defendant further states that it does not have a full record of exactly what medical expenses Mrs. Grabau actually incurred to date as Plaintiffs failed to provide this information in discovery. Therefore, in the event I admit evidence of the amount billed, Defendant seeks production and admission of the amounts paid in satisfaction of the amounts billed, thereby providing the jury with full information including both the amount billed and the actual amount paid for Mrs. Grabau's medical treatment. Defendant argues that if Plaintiffs are allowed to present evidence of the amount billed at trial they should also be required to present evidence of the amount paid at trial as Defendant cannot present this information because Plaintiffs failed to provide it to Defendant during discovery.

Plaintiffs argue that it should be up to the jury to determine the reasonable value of the medical services rendered. They further argue that any windfall should go to the Plaintiff rather than the tortfeasor and that excluding evidence of the amount billed

would provide that windfall to Defendant.  Finally, they argue that the collateral source rule actually serves to exclude evidence of what Mrs. Grabau actually paid for her medical services.[1]

Both Defendant and Plaintiffs cite to case law from other circuits supporting their respective arguments.  *See Hanif v. Hous. Auth.*, 200 Cal.App.3d 635, 643 (Cal. App. 1988) (finding that a jury overcompensated a plaintiff by awarding damages based on billed amounts rather than the lower paid amounts); *Moorhead v. Crozer Chester Med. Ctr.*, 765 A.2d 786, 789 (Pa. 2001) ("We find that the amount paid and accepted by [the defendant] as payment in full for the medical services is the amount [the plaintiff] is entitled to recovery as compensatory damages."); *Lopez v. Safeway Stores, Inc.*, 129 P.3d 487, 495–96 (Ariz. App. 2006) (holding that the plaintiff may recover the full amount billed as opposed to paid because the plaintiff should not be denied the benefit of any contractually lower prices his insurance company is able to negotiate with the medical service provider).  However, although not binding, my colleague, Judge Babcock, has dealt with the same issue as is presented here.  *See Walters v. Encompass Ins. Co. of Amer.*, 2007 WL 3090766 (D. Colo. Oct. 18, 2007).  He determined that evidence of both the amount charged and the amount actually paid was relevant to the determination of medical damages and, therefore, admissible.  *Id.* at *2.  I agree with this holding.

Generally, a plaintiff is entitled to recover for medical expenses as part of their compensatory damages.  "It [is] the jury's function, as the trier of fact, to determine the

---

[1] See below for a discussion regarding the collateral source rule.

amount of damages that would fairly compensate [the plaintiff] and the jury has wide discretion in making that determination." *Black v. Hieb Enters., Inc.*, 805 F.2d 360, 363–64 (10th Cir. 1986) (citing *Bennett v. Longacre*, 774 F.2d 1024, 1028 (10th Cir. 1985)).  The "correct measure of compensable damages for medical expenses is the necessary and reasonable value of the services rendered, rather than the amount actually paid for such services." *Lawson v. Safeway, Inc.*, 878 P.2d 127, 131 (Colo. Ct. App. 1994).  However, the amount paid for medical services "is 'some evidence of their reasonable value.'" *Id.*

As the determination of the medical expenses including the "necessary and reasonable value" of the expenses is a determination for the jury, I conclude that the jury be provided with full information including evidence of both the amount charged and the amount paid.  *Lawson* explicitly states that the amount paid is evidence of the reasonable value of the service.  Similarly and like Judge Babcock, I believe that the amount charged is some evidence of the reasonable value of the services.  *See Walters*, 2007 WL 3090766, at *2.  Therefore, I conclude that both evidence of the amount billed and the amount paid is relevant to the determination of damages and should, therefore, be admitted.  However, I agree with Defendant that the probative value of the amounts billed without the corresponding evidence of the amounts paid in satisfaction of those bills would be a substantial risk of unfair prejudice to Defendant. Fed. R. Evid. 403.

It is unclear whether Plaintiffs have provided to Defendant full discovery of the actual payments made by themselves and their insurer.  Since this evidence is so

relevant to the reasonable expense determination, Plaintiff certainly has the ultimate burden of proof and duty to produce discovery on this issue.  On the eve of trial, it would be unjust to impose the affirmative burden on Defendant to produce evidence of actual payment if Plaintiff has indeed not provided Defendant with complete discovery. In the interest of justice, and to preserve the trial date, I conclude that evidence of the amount billed for medical services will only be admitted if presented in conjunction with the amount paid in satisfaction of the bill.

With respect to the collateral source argument, I conclude that it is not necessary pretrial to exclude or admit evidence. "The collateral source rule provides that 'a wrongdoer is not entitled to have damages, for which he is liable, reduced by proof that the plaintiff has received or will receive compensation or indemnity for the loss from an independent collateral source.'"  *FDIC v. United Pac. Ins. Co.*, 20 F.3d 1070, 1083 (10th Cir. 1994) (quoting *DuBois v. Nye*, 584 P.2d 823, 825 (Utah 1978)); *accord Green v. Denver & Rio Grande W. R.R. Co.*, 59 F.3d 1029, 1032 (10th Cir. 1995) ("The . . . rule allows a plaintiff to seek full recovery from a tortfeasor even though an independent source has compensated the plaintiff in full or in part for the loss.").  The rationale is two-fold: (1) "public policy favors giving the plaintiff a double recovery rather than allowing a wrongdoer to enjoy reduced liability simply because the plaintiff received compensation from an independent source" and (2) the rule encourages maintenance of insurance because it "assur[es] a plaintiff's payments from a collateral source will not be reduced by a subsequent judgment." *Green*, 59 F.3d at 1032 (citations omitted).  Colorado's collateral source rule provides that a damage

award is to be reduced by any amount that the plaintiff has been compensated except when the outside compensation is a result of "a benefit paid as a result of a contract entered into and paid for by or on behalf" of the plaintiff. Colo. Rev. Stat. § 13-21-111.6. The statute provides that the court shall reduce the amount of damages, if needed, after the jury has returned an award of damages. *Id.* Therefore, the collateral source rule is not a method by which evidence is excluded, but rather is a determination to be made by the court after the jury has returned a verdict.[2]

Accordingly, it is ordered that Defendant's Motion in Limine to Exclude Evidence of Medical Damages in Excess of Amounts Paid by Health Insurance (Docket No. 129) is granted unless Plaintiffs also offer evidence of the amount actually paid in satisfaction of the bills.


DATED at Denver, Colorado, on March 6, 2008.
                                      BY THE COURT:


                                      s/ Walker D. Miller
                                      United States District Judge

---

[2] I note that the parties are not arguing that this is a case, such as with Railroad Retirement Benefits, that the courts have held that admission of the evidence so outweighs its probative value as to be excluded. In this case, because the jury must make a determination of the reasonable and necessary value of medical services, the probative value of the amount paid outweighs any prejudicial effect.