IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-01308-WDM-KLM

BECKIE GRABAU and
DANIEL GRABAU,

    Plaintiffs,

v.

TARGET CORPORATION, a Minnesota corporation,

    Defendant.

## ORDER ON MOTION IN LIMINE

Miller, J.

This matter is before me on Defendant's motion in limine regarding anticipated testimony of alleged damages for future loss of earnings (Docket No. 126). For the reasons that follow, the motion will be denied subject to the condition that Plaintiff introduce at trial sufficient, competent evidence of Plaintiff's inability to return to work.

Background

See my Order dated January 17, 2008 (Docket No. 121).

Discussion

Dr. Parry is Plaintiffs' expert who will testify as to Mrs. Grabau's medical condition after the accident at the Superior Target including Mrs. Grabau's development of Reflex Sympathetic Dystrophy ("RSD"). Dr. Pacey, Ph.D. is Plaintiffs' expert who will testify as to Mrs. Grabau's future lost earnings taking into account the

PDF Final

injuries sustained in the accident. Dr. Pacey's report is premised on an assumption that Mrs. Grabau will be completely unable to work for the remainder of her life.

Defendant argues that neither Dr. Parry nor any other medical expert has opined that Mrs. Grabau will be completely unable to return to work. Defendant alleges that the closest Dr. Parry has come to stating that Mrs. Grabau is unable to work is a statement made in a February 1, 2007 addendum to her expert report that "[i]n the worse [sic] case scenario with centralized RSD, Ms. Grabau would be unable to return to work." However, at a February 28, 2007 deposition, Dr. Parry stated that she had not determined that Mrs. Grabau was "medically unable to continue at her job." Dr. Parry also made the following references to Mrs. Grabau's work: (1) on March 8, 2007 Dr. Parry stated that work would be counter productive for Mrs. Grabau; (2) on May 29, 2007 Dr. Parry stated that she would like Mrs. Grabau "off work if that is possible;" and (3) on August 20, 2007 Dr. Parry noted that Mrs. Grabau was "currently not working." Based on Dr. Parry's opinions thus far disclosed, Defendant argues that because Plaintiffs have not provided an opinion that, to a reasonable degree of medical certainty, Mrs. Grabau is unable to work for the remainder of her life, testimony regarding Mrs. Grabau's inability to work and about her future earnings based on an inability to work must be excluded. Defendant argues that if any evidence regarding Mrs. Grabau's alleged inability work is allowed in, Defendant will be prejudiced because it was unable to prepare for such testimony such as by hiring an opposing expert.

Plaintiffs respond with several citations to Dr. Parry's expert report, depositions,

and medical notes that indicate that Dr. Parry's opinion that Mrs. Grabau's condition precludes future work is based on a reasonable degree of medical certainty and probability. A review of these citations, however, does not show that Dr. Parry expressly states that, to a reasonable degree of medical certainty, Mrs. Grabau will be unable to return to work. The citations indicate the diagnosis Dr. Parry has given to Mrs. Grabau, the difficulties in movement Mrs. Grabau experiences as a result of RSD, and Dr. Parry's preference that Mrs. Grabau not work while receiving treatment, but do not explicitly state that Mrs. Grabau will be unable to return to work. Although Dr. Parry indicates that Mrs. Grabau's medical problems may result in her inability to return to work, she does not state affirmatively that in her opinion Mrs. Grabau will be unable to return to work.

Plaintiffs also cite to the expert report of Helen M. Woodard, a vocational expert. Ms. Woodard, after reviewing Mrs. Grabau's file and speaking with both Dr. Parry and Mrs. Grabau's supervisor at work, does state that Mrs. Grabau will be "unlikely" to be able to continue to work as a licensed practical nurse "in the longer term" nor "sustain any type of full time or party regular competitive employment in the longer term." (Docket No. 153 at 10–11).

After reviewing the record, I conclude that Dr. Pacey's testimony should be admitted on the condition that Dr. Parry, or other appropriately qualified experts, opine at trial that Mrs. Grabau is able to return to work. Although Dr. Parry has not stated expressly that Mrs. Grabau will not be able to work in the future, she has continually stated that such prognosis is a real possibility. I conclude that these statements were

sufficient to put Defendant on notice that Mrs. Grabau may be unable to return to work. Additionally, Ms. Woodard, whose expert testimony is apparently not contested, stated that it would be unlikely that Mrs. Grabau would be able to work in the longer term.

Accordingly, it is ordered that Defendant's Motion in Limine regarding the anticipated testimony of alleged damages for future loss of earnings (Docket No. 126) is denied on the condition that Plaintiffs have introduced sufficient, competent evidence at trial from which a reasonable jury could find that Mrs. Grabau is unable to return to work.

DATED at Denver, Colorado, on March 6, 2008.
BY THE COURT:


s/ Walker D. Miller
United States District Judge