IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-01308-WDM-KLM

BECKIE GRABAU and
DANIEL GRABAU,

    Plaintiffs,

v.

TARGET CORPORATION, a Minnesota corporation,

    Defendant.

## ORDER ON MOTION IN LIMINE

Miller, J.

This matter is before me on Defendant's Motion in Limine Regarding Plaintiffs' February 15, 2008 Disclosure (Docket No. 155). For the reasons that follow, the motion will be granted.

### Background

See my Order dated January 17, 2008 (Docket No. 121).

### Standard of Review

Generally, "a party that fails to disclose in a timely manner information required under Rule 26(e) may not use such information as evidence at trial, 'unless such failure (to disclose) is harmless.'" *Gallegos v. Swift*, 2007 WL 214416, at *2 (D. Colo. 2007) (citing Fed. R. Civ. P. 26(e)(2)). The determination of whether a violation of Rule 26(e) is justified or harmless is up to the broad discretion of the trial court. *Id.* (citing *Sender*

*v. Mann*, 225 F.R.D. 645, 656 (D. Colo. 2004)). *Gallegos* sets forth a four factors to consider in guiding discretion pursuant to Fed. R. Evid. 26(a): "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or wilfulness." *Id.* (citing *Sender*, 225 F.R.D. at 655).

## Discussion

The deadline in this case for supplementing disclosures was Monday, February 10, 2008, thirty days prior to trial. *See* Fed. R. Civ. P. 26(a)(3)(B) (setting thirty days prior to trial as the deadline for all pretrial disclosures); Fed. R. Civ. P. 26(e) (stating that all supplements must be disclosed "by the time the party's pretrial disclosures under Rule 26(a)(3) are due"). According to Defendant, as of the deadline, Plaintiffs' claimed past medical expenses totaled $34,337.61. On February 15, 2008, five days past the deadline for supplementing disclosures, Plaintiffs disclosed additional medical bills for previous treatments of nerve blocks. All or most of these bills were from Greenwood Rehabilitation Center. The newly disclosed bills were for $18,446.00 bringing the total claimed past medical expenses to $52,783.61.[1] Plaintiffs' counsel state they were unaware of the additional bills until after the pretrial disclosure deadline and acted to disclose the bills as soon as they were made aware of the additional bills. A trial preparation conference was held on Thursday, February 28, 2008 at which time the issue of the late disclosures was first raised. I ordered the parties to submit briefs

---

[1] Defendant's math somehow adds $1.20 to a claimed total of $52,784.81.

2

on the issue by Friday, February 29, 2008. In response, Defendant filed a motion in limine (Docket No. 155) and Plaintiffs filed a brief (Docket No. 156).

First, I address whether Defendant knew about the medical expenses incurred at Greenwood Rehabilitation Center prior to the disclosure on February 15, 2008. Plaintiffs claim that Mrs. Grabau's deposition put Defendant on notice of the bills from Greenwood Rehabilitation Center. In that deposition, Mrs. Grabau stated that she had received nerve block treatments from Dr. Villims and that Dr. Villims was located in the Greenwood Rehabilitation Center. Plaintiffs assert that this reference put Defendant on notice that there should be bills from Greenwood Rehabilitation Center and, therefore, the only thing not disclosed was the amount billed for such services. Defendant responds that it received bills from Dr. Villims and, therefore, had no reason to know that there were additional bills from Greenwood Rehabilitation Center. I agree with Defendants. The deposition only states that Dr. Villims was located at Greenwood Rehabilitation Center. Given that Defendant received bills from Dr. Villims, then there would be no reason to conclude that additional bills were coming from Greenwood Rehabilitation Center. Furthermore, any knowledge by Defendant of treatment received at Greenwood Rehabilitation Center does not change the fact that the actual amounts were not timely disclosed.

In its motion, Defendant argues that the bills not timely disclosed should be excluded from the trial. In support, Defendant alleges that any introduction of the evidence will prejudice Defendant. Defendant also argues that the exclusion of the evidence would have very little if any effect on Plaintiffs' expert testimony because the

cost of future nerve blocks is "an inconsequential amount of [Mrs. Grabau's] claim future economic damages of between $1,536,800 and $2,782,300, and the exclusion of late disclosed medical specials for such nerve blocks would also be inconsequential to [Mrs. Grabau's] claimed damages for future medical specials." This final argument is unclear although I believe it refers to the prejudice that Plaintiffs would suffer if the evidence was excluded. However, the relevant inquiry in this case is the prejudice to the Defendant.

Plaintiffs take responsibility for the late disclosures, although stating that counsel disclosed the bills as soon as they were aware of the mistake. Plaintiffs, however, argue that the late disclosure does not result in prejudice to Defendant and, therefore, should not be excluded. Plaintiffs argue that exclusion of the medical bills would result in substantial prejudice to them. I note, however, that the relevant inquiry is not prejudice to the noncompliant party, but rather the prejudice to the party against whom the evidence is offered.

After application of the *Gallegos* factors, I conclude the exclusion is the proper remedy. First, the late disclosure prejudices Defendant as it is now unable to fully investigate the additional medical bills or develop testimony to dispute the necessity of the nerve blocks or the amounts charged for the nerve blocks. Unfortunately, there is also no opportunity to cure the defect short of continuing the trial which could have significant impact on the parties as a new firm setting would be almost impossible until next year. With respect to the fourth *Gallegos* factor, although there is no evidence of bad faith on the part of Plaintiffs' counsel, there is some degree of negligence on

Plaintiffs' part in not disclosing the bills to counsel. I also note, however, that if, as Plaintiffs allege, Defendant was on notice of the bills by virtue of Mrs. Grabau's deposition testimony, then so was Plaintiffs' counsel and they should have disclosed them earlier. Therefore, I conclude that exclusion of the evidence is an appropriate remedy under these circumstances,

Accordingly, it is ordered that Defendant's Motion in Limine Regarding Plaintiff's February 15, 2008 Disclosure (Docket No. 155) is granted.

DATED at Denver, Colorado, on March 6, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge