IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-01308-WDM-KLM

BECKIE GRABAU and
DANIEL GRABAU,

    Plaintiffs,

v.

TARGET CORPORATION, a Minnesota corporation,

    Defendant.

## ORDER ON MOTION IN LIMINE

Miller, J.

This matter is before me on Defendant's motion in limine regarding Plaintiffs' Eleventh Supplemental Rule 26(a)(1) disclosures (Docket No. 128). For the reasons that follow, the motion will be denied.

### Background

See my Order dated January 17, 2008 (Docket No. 121).

### Standard of Review

Generally, "a party that fails to disclose in a timely manner information required under Rule 26(e) may not use such information as evidence at trial, 'unless such failure (to disclose) is harmless.'" *Gallegos v. Swift*, 2007 WL 214416, at *2 (D. Colo. 2007) (citing Fed. R. Civ. P. 26(e)(2)). The determination of whether a violation of Rule 26(e) is justified or harmless is up to the broad discretion of the trial court. *Id.* (citing *Sender*

*v. Mann*, 225 F.R.D. 645, 656 (D. Colo. 2004)). *Gallegos* sets forth a four factors to consider in guiding discretion pursuant to Fed. R. Evid. 26(a): "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or wilfulness." *Id.* (citing *Sender*, 225 F.R.D. at 655).

Discussion

The discovery deadline in this case was May 9, 2007.[1] On November 13, 2007, Plaintiffs disclosed a letter dated July 16, 2007 from Anthem Blue Cross Blue Shield purporting to deny Mrs. Grabau's insurance application because her medical condition created too much of an underwriting risk. Defendant advised Plaintiffs that it would object to the document because it was not disclosed until approximately five months after it was received by Plaintiffs. Plaintiffs voluntarily withdrew the document. Subsequently, on December 13, 2007, Plaintiffs disclosed another letter dated December 7, 2007 from HumanaOne Insurance Company purporting to deny Mrs. Grabau's insurance application on essentially the same basis as the previous denial. No other information was disclosed with the letter.

First, Defendant argues that Plaintiffs should not be allowed to bypass the disclosure rules by simply substituting a second denial for the first denial that was likely going to be barred as untimely. Defendant alleges that Plaintiffs submitted another

---

[1] The deadline was extended to May 10, 2007 to "allow Plaintiff to complete the Fed. R. Civ. P. 30(b)(6) deposition of Target Corporation." (Docket No. 83).

2

insurance application in December 2007 after determining that the first insurance denial would be barred from the trial due to the late disclosure. Defendant argues that Plaintiffs should not be allowed to bypass disclosure timetables by simply getting a replacement denial letter.

Defendant also argues that the *Gallegos* factors weigh in favor of excluding the evidence. First, Defendant argues that it is prejudiced by that late disclosure and that it is unable to cure the prejudice because it now no longer has time to either investigate or rebut the claim of uninsurability. It also argues that Plaintiffs' bad faith is evidenced by their apparent attempt to avoid exclusion of evidence of uninsurability by reapplying for insurance after it was apparent that the first denial was likely going to be excluded. Finally, Defendant alleges that Plaintiffs knew for some time—since as early as July 2007—that they were planning on claiming damages relating to Mrs. Grabau's insurability and did not update their disclosures or discovery responses to reflect such a claim.

Plaintiffs respond that Defendant has been aware of Plaintiffs' claim for uninsurability since, at the latest, May 8, 2007. Plaintiffs claim that an April 18, 2007 disclosure stated that Plaintiff would be seeking damages for medical and living expenses and that Mrs. Grabau indicated, during a May 8, 2007 deposition, that she was going to lose her health insurance because she was not working any longer and that her husband does not receive health insurance through his job. Plaintiffs argue that these events put Defendant on notice of the uninsurability claim such that it cannot now claim prejudice. Plaintiffs also argue that Defendant was provided with the denial

3

letter on December 18, 2007 and, despite an email stating it would move to strike the evidence, has done nothing until now to exclude the evidence. Plaintiffs argue that this indicates that Defendant is not prejudiced by the evidence as it waited to exclude the evidence for two months. Finally, Plaintiffs argue that the facts do not demonstrate bad faith but rather an ongoing attempt to find insurance.

    I agree with Plaintiffs. I first note that the events in April and May 2007 did not serve to place Defendant on notice of the claim of uninsurability because they only dealt with Mrs. Grabau's ability to obtain employer provided insurance and not her overall insurability. However, under the *Gallegos* factors, I do not think that exclusion is warranted. Although I agree that Defendant is prejudiced by an inability to investigate Mrs. Grabau's claim of insurability, I disagree with Defendant that it was unable to investigate such a claim in the time provided. The original denial letter, although withdrawn, was provided in November 2007 and the current denial letter was provided in mid-December 2007. Defendant has had over two months to investigate Mrs. Grabau's insurability, which, although not a lot of time for full discovery is sufficient to act in some manner regarding the new evidence. Defendant, however, did nothing until ten days prior to the trial preparation conference—it did not request further discovery on her application, did not move for a continuance, and did not immediately move for exclusion. Defendant's claim of bad faith is also not very strong. Although the timing of the second application might suggest some skirting of the disclosure rules, I also think that Mrs. Grabau acted reasonably by continuing to seek health insurance after a single denial in July 2007. Indeed, if she is claiming damages resulting from her

4

status as an uninsurable person, I think she has a duty to mitigate damages and continue to seek insurance.

Accordingly, it is ordered that Defendant's Motion in Limine regarding Plaintiffs' Eleventh Supplemental Rule 26(a)(1) disclosures (Docket No. 128) is denied.

DATED at Denver, Colorado, on March 6, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge