IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.   06-cv-01308-WDM-KLM

BECKIE GRABAU,
DANIEL GRABAU,

        Plaintiffs,

v.

TARGET CORPORATION,

        Defendant.
_____

**ORDER**
_____

Plaintiffs move for review of the Clerk's denial of costs for expert witness fees,

legal research and deliveries, and certain subpoenas and services.  Following review of

the record and the parties' brief, I rule as follows:

Expert Witness Fees

Plaintiffs object to the Clerk's denial of a claim for expert witness fees in excess

of $45,000 as not being authorized by federal law.  Plaintiffs  argue that, as a case of

diversity jurisdiction, Colorado law should apply which allows recovery by the prevailing

party of expert witness fee costs.  See C.R.S. § 13-16-104 and 122; 13-33-102(4);

*Mackall v. Jalisco Int'l, Inc.*, 28 P.3d 975 (Colo. App. 2001).

As Defendant points out, however, the law of this circuit is that federal law

controls the assessment of costs in a diversity case.  *Gobbo Farms & Orchards v. Poole*

*Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996).  And the Supreme Court has specifically

held that, without express statutory or contractual authorization, federal courts are limited to awarding witness fees as costs as provided in 28 U.S.C. §§ 1821 and 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Since those sections do not allow recovery of expert witness fees, the court denied their recovery. In *Chaparral Resources, Inc. v. Monsanto Co.*, 849 F.2d 1286, 1293 (10th Cir. 1988) the Tenth Circuit specifically held that the Colorado statute providing for discretionary award of expert witness fees was not the type of express statutory mandate required as a precondition to recovery under the *Crawford* case.

Plaintiffs seek to avoid this well-established law by arguing that the later case of *Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170 (10th Cir. 2000) may be read to distinguish a diversity case from *Crawford* which was not a diversity case. I disagree. *Garcia* dealt with an entirely different statute, namely the offer of settlement statute, C.R.S. § 13-17-202, which the court in *Garcia* found to be mandatory rather than discretionary. 2009 F.3d at 1178. Indeed, in a footnote the *Garcia* court makes clear that expert witness fees are still preempted by federal statute pursuant to *Crawford Fitting Co.*, as noted in *Chaparral.* 209 F.3d at 1177, n.5. Accordingly, *Garcia* does not change the basic law of *Crawford Fitting Co.* that Congress preempted state statutes by limiting expert witness fees to the amounts recoverable under 28 U.S.C. §§ 1821 & 1920.

<u>Other Costs</u>

The same principles apply with regard to the other claimed costs as confirmed by *Sorbo v. United States Parcel*, 432 F.3d 1196, 1180 (10th Cir. 2005). Legal research

and so forth are not within the scope of the statutory sections.  With regard to the

unawarded witness fee and service costs for non-testifying witnesses, again the

established law of this circuit is that only costs for witnesses who testify are recoverable.

*Jones v. Unisys Corp*, 54 F.3d 624, 633 (10th Cir. 1995).

Accordingly, it is ordered that Plaintiffs' motion for review (doc. no. 187) is denied

and the Clerk's award of costs is affirmed.

DATED at Denver, Colorado, on March 18, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge